## Bob Long v. The State.

### No. 9425. Delivered Nov. 4, 1925.

**1.—Manufacture of Intoxicating Liquor—Continuance—Erroneously Refused.**

Where on a trial for manufacturing intoxicating liquor, the court erred in refusing a continuance on account of the absence of a witness, for whose presence proper diligence was used, by whom appellant expected to prove that the main prosecuting witness was an accomplice, and other material facts to the defense, for this error the cause must be reversed.

**2.—Same—Impeaching Defendant—Proof of Other Offenses—Not Permissible When.**

Where appellant does not testify on the trial in his own behalf, evidence that he had been charged with or convicted of other offenses is not admissible. We observe nothing in the instant case which brings it under any exception permitting proof of other offenses. See Branch's Ann. Tex. P. C. Sec. 166.

Appeal from the District Court of Upshur County. Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of manufacturing intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*M. B. Briggs,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for the manufacture of intoxicating liquor with punishment assessed at confinement in the penitentiary for one year.

The State used as a witness one Bob Roberts who testified that he had been at appellant's house and had seen him manufacturing whiskey during the year 1923. Officers testified that they went to appellant's premises in the fall of 1923 and there found certain articles which could be used in manufacturing whiskey. Some of the things appeared to have been more recently used than others and bore the odor of mash. One officer testified that he found where some liquor had been poured out on the grass, and that the appearance of the grass indicated the liquid had been poured out while hot; that this bore the odor of mash after it had been cooked off. Appellant

did not testify. His wife testified that her husband had made a small quantity of whiskey for her in the spring of 1923, being assisted by Bob Roberts; that she was ill at the time and the doctor had recommended whiskey for her; that her husband did not know how to make it and that Roberts had directed the operations and furnished the coil which was used in its manufacture; that they made only about half a gallon of which Roberts took for his part; that no other whiskey had been made by appellant since the spring of 1923. She further testified that at the time the officers made the search of the premises in the fall of 1923 she and appellant had some hogs and chickens which they were feeding on soaked chops and meal; that in the morning before the officers came she had fed to the chickens some of this soaked chops, throwing it out on the grass where one of the officers claimed to have found the substance testified about by him. The witness Bob Roberts denied that he at any time told appellant how to manufacture intoxicating liquor or aided him in the operation or furnished a coil to be used for that purpose. Another witness testified that appellant got from witness' barn a tow sack containing an article which from the description given by the witness appeared to be a coil, and said this article was left in the barn by said Roberts. The truthfulness of this incident was also challenged by Roberts. From the foregoing recitals it is apparent the issue was sharply drawn whether Bob Roberts was an accomplice with appellant in the manufacture of liquor. This issue was submitted for the jury's solution. The foregoing statement has been made somewhat in detail as pertinent to the question now to be considered.

Appellant sought a continuance on account of the absence of one Talkington. This witness had been subpoenaed, had attended the term of court at which the trial was had and also the former term thereof in obedience to process. Three or four days before this case was called for trial the witness had received a message that his father was seriously ill in Collin County, where the witness had gone in response to such information. It is alleged in the application that appellant expected to prove by the absent witness that he lived just across the road from appellant at the time the officers made the search and discovered the containers and evidence of mash having been poured out about appellant's premises, and that said witness would have sworn that he frequently visited appellant's house, sat up with the family while they were sick, and also during said time fed appellant's stock, including the

hogs and chickens, and knew that appellant at that time soaked corn, chops and bran for the purpose of feeding the stock in question, and that such feed was soaked in the containers which the officer's testimony intimated had been used in the manufacture of whiskey. It is further averred in the application that Talkington would also have sworn that he saw the witness Roberts at appellant's on several occasions, and that Roberts was aiding appellant in making whiskey. The diligence to procure the attendance of this witness is not challenged. We think the materiality of his proposed testimony is unquestioned. If the State was relying for conviction upon the manufacture of the whiskey which Roberts claims to have witnessed, then Talkington's testimony would have been material upon the issue as to whether said Roberts was an accomplice. On the other hand, if the State relied upon the circumstances testified to by the officers as to finding the containers and evidence of mash, etc., then Talkington's testimony was material in supporting the testimony of appellant's wife in her explanation of the use made of the containers and the purpose for which the chops, bran, etc., was being used. We think under the showing made the court fell into error in denying the application for continuance. If the materiality of the absent testimony was not apparent from the face of the application it became so after the development of the case and the court should have granted a new trial because of error in denying the continuance in the first place.

Over appellant's objection the State was permitted to prove by the witness Fry that he was present in the Federal Court at Jefferson at a time when appellant entered a plea of guilty in said court to the offense of possessing equipment for manufacturing whiskey. Appellant did not testify, therefore the evidence of Fry had no place in the case for impeachment purposes. As the bill appears in the record the evidence of Fry disclosed that at some time appellant had been charged with another crime and had entered a plea of guilty thereto. We observe nothing which brings it under any exception permitting proof of other offenses. (See Branch's Ann. Tex. P. C., Sec. 168.)

We have examined the other bills of exception and are of opinion they are without merit.

Because of the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*